UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14098-CV-CANNON/MAYNARD

STEVEN BRIGATI,

    Plaintiff,

v.

WORCESTER POLYTECHNIC
INSTITUTE, and HFM, INC.,

    Defendants.

_____/

## REPORT RECOMMENDING THAT DEFENDANTS' MOTION FOR RULE 41(d) FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART

**THIS CAUSE** is before me upon Defendants' Rule 41(d) Motion for Costs and Attorneys' Fees ("Motion") [DE 22] in which Defendants seek (1) to recover attorney's fees and costs incurred in a prior case that Plaintiff voluntarily dismissed, and (2) for this case to be stayed until those fees and costs are paid pursuant to Fed. R. Civ. P. 41(d). The Motion has been referred to me for appropriate disposition [DE 28].

I have reviewed the Motion, Plaintiff's response in opposition [DE 30] with supporting affidavit [DE 31], Defendants' reply [DE 40], Plaintiff's authorized sur-reply [DE 102], and the record in this case. Being duly advised, I respectfully recommend that Defendants' Motion be **GRANTED IN PART AND DENIED IN PART** for the following reasons.

## BACKGROUND

This case and the prior voluntarily dismissed case were both filed by members of the Legacy Golf and Tennis Club in St. Lucie County (the "Club"), which is located in a community known as The Reserve. In both cases, Club equity members sued the Club's owners, HFM, Inc.

("HFM") and Worcester Polytechnic Institute ("WPI") (collectively, the "Defendants"), alleging that Defendants had breached provisions in the Club's governing documents by failing to turn over control of the Club's operations to its members. The procedural history of both cases is discussed below.

## I. *Brigati I*

On May 29, 2020, Plaintiff and six fellow individual Club members filed a class action complaint against Defendants HFM and WPI in the Nineteenth Judicial Circuit of Florida. *See Brigati et al v. HFM, Inc. et al.*, Case No. 20-14208-Civ-Martinez/Maynard, DE 1-1 (S.D. Fla. Apr. 1, 2020) ("*Brigati I*"). The *Brigati I* Plaintiffs brought claims for declaratory and injunctive relief based on allegations that Defendants (1) failed to turn over operations of the Club to its members, (2) violated certain provisions in a governing Plan for the Offering of Memberships in the Legacy Golf and Tennis Club, Inc. (the "Plan") by attempting to sell the Club, and (3) received unauthorized payments from the Club. *Id.*

On June 24, 2021, Defendants removed the case from Florida state court to this federal district court on grounds of diversity jurisdiction under the Class Action Fairness Act of 2005. The case was assigned to U.S. District Judge Jose E. Martinez. *Id.* at DE 1. On July 1, 2020, Defendants filed a motion to dismiss, arguing that Plaintiffs failed to state a claim because the prerequisites for Turnover expressly spelled out in the written Plan had not yet occurred. *Id.* at DE 8. Shortly thereafter, on July 15, 2020, Plaintiffs filed their first amended class action complaint, *Id.* at DE 9, which led to a Court Order denying Defendants' first motion to dismiss as moot. *Id.* at DE 10.

On August 7, 2020, Defendants filed a second motion to dismiss, which was fully briefed and pending before the Court by September 14, 2020. *Id.* at DE 17; DE 18; DE 25; DE 26. On

October 26, 2020, Plaintiffs simultaneously filed contested motions for class certification and for leave to file an amended complaint (to which they attached a proposed second amended class action complaint). *Id.* at DE 27; DE 28.

On October 27, 2020, the Court denied without prejudice Plaintiffs' motion for class certification finding it could not rule on that motion without first resolving Plaintiffs' motion for leave to file an amended complaint. *Id.* at DE 30. On January 15, 2021, the Court granted leave for Plaintiffs to re-file their proposed second amended class action complaint based on a finding that Plaintiffs diligently sought "to amend their complaint to redefine their putative class after discovering a letter that elucidated the purported number and rights of master and equity golf members." *Id.* at DE 44. The Court noted as important that "no prejudice will result to Defendants because the instant litigation is in its infancy and no discovery has yet been propounded." *Id.*

On January 22, 2021, the *Brigati I* Plaintiffs filed their second amended class action complaint together with a renewed motion for class certification. *Id.* at DE 47; DE 48. On January 25, 2021, Plaintiffs (1) withdrew their previously filed second amended complaint (which differed substantially from the one Judge Martinez authorized them to file in his Order) after Defendants filed an objection to the form of the second amended complaint, and (2) separately refiled the Court-approved second amended complaint. *Id.* at DE 50; DE 51; DE 52. The next day, on January 26, 2021, Plaintiffs filed an unopposed motion to drop three of the seven individual Plaintiffs for the stated reason of "[r]educing the number of Plaintiffs and proposed class representatives" before any depositions are taken to "streamline these proceedings without adversely impacting the remaining Plaintiffs' ability to represent the proposed class fully and adequately, should it be certified." *Id.* at DE 56.

On February 3, 2021, Judge Martinez issued an Omnibus Order noting the substantial differences in the first-filed and later-filed second amended complaint, setting a deadline for Defendants to respond to the authorized second amended complaint and renewed motion for class certification; and granting Plaintiffs' motion to drop the three individual Plaintiffs as requested. *Id.* at DE 58.

Five days later, on February 8, 2021, the *Brigati I* Plaintiffs filed a notice of voluntary dismissal without prejudice. *Id.* at DE 59. On February 9, 2021, the dismissal was granted without prejudice and the *Brigati I* case was closed. *Id.* at DE 60.

## II.     *Brigati II*

Roughly two weeks later, on February 23, 2021, Mr. Brigati commenced the instant action ("*Brigati II*") by filing a Complaint against the same two Defendants based on the same claims and allegations raised in *Brigati I* [DE 1]. As in *Brigati I*, Mr. Brigati is a named Plaintiff purporting to represent himself and "others similarly situated" in a class action lawsuit against WPI and HFM [*Id.*]. Just as in the voluntarily dismissed action, Plaintiff again brings claims for declaratory and injunctive relief based on allegations that Defendants (1) failed to turn over operations of the Club to members, (2) violated the Plan by attempting to sell the Club, and (3) received unauthorized payments from the Club [*Id.*]. *Brigati I* and *Brigati II* outline the same identical central allegations – *i.e.*, that the Plan specifies certain pre-conditions that trigger Turnover, that those conditions occurred, and that Defendants have not effectuated Turnover, in breach of their obligations under the Plan [*Id.*].

On March 11, 2021, before serving Defendants with process in this new action, Plaintiff filed a (1) a motion for class certification, and (2) a motion to transfer the instant action to U.S. District Judge Jose Martinez on grounds that "[t]he issues and Defendants in this case are identical

to those in case number 2:20-cv-14208. The Plaintiff in this case was among the Plaintiffs in case number 2:20-cv-14208. The cases more than substantially overlap; they are virtually identical." [DE 7; DE 8]. On March 16, 2021, the motion to transfer was denied [DE 9].

On April 2, 2021, Defendants filed the instant Motion seeking their attorney's fees and costs incurred in defending against *Brigati I* and requesting a stay of this case until those fees and costs are paid [DE 22]. In support, Defendants argue that this "case cries out for relief" under Rule 41(d) because *Brigati I* and *Brigati II* are virtually identical and a review of the record in both cases shows that Plaintiff misused the judicial process in a vexatious manner to gain a tactical advantage by dismissing and refiling the exact same suit against the same Defendants "to avoid unfavorable rulings." [*Id.* at 4-5].

In response, Plaintiff acknowledges that he filed this new action with many of the same claims and allegations but he argues that work from *Brigati I* is "readily transferrable to and will be useful in this case" because Defendants had not answered the complaint, no depositions had been taken, and no motions had been argued in *Brigati I* [DE 30 at 9-10]. Plaintiff argues that Defendants' motion should thus be denied or, if the Court finds that Rule 41(d) permits an award of fees and costs, Plaintiff "asks that the award be apportioned so that, as only one of seven Plaintiffs who voluntarily dismissed the prior action, [Plaintiff] be required to pay only 1/7 of said fees and costs." [*Id.* at 14].

In reply, Defendants assert that they unquestionably meet all the criteria entitling them to Rule 41(d) relief and that Plaintiff does not credibly show otherwise [DE 40 at 4]. Among other things, Defendants point to Plaintiff's concession of the non-transferability of Defendants' motion to strike the second amended complaint in *Brigati I* to this re-filed action as alone being sufficient to warrant Rule 41(d) relief [*Id.* at 6]. Defendants claim that they have been prejudiced by

Plaintiff's bad faith and vexatious conduct, making an award of Rule 41(d) fees and costs particularly appropriate here [*Id.* at 7-11].

In his sur-reply, Plaintiff contends that Defendants have recently admitted to using Club membership fees and dues to pay their attorneys' fees and costs. Thus, according to Plaintiff, while "urging that Plaintiff be sanctioned and required to pay 'their' fees, WPI and HFM conveniently neglected to advise the Court that Plaintiff and his fellow Club members have already paid Defendants' legal fees." [DE 102 at 2]. In addition, Plaintiff claims that recent revelations in discovery – namely, a "previously hidden Tennis Agreement" and related deposition testimony regarding standalone equity tennis memberships – "reveal the deceit underpinning Defendants' arguments and further support Plaintiff's averment that the prior case was voluntarily dismissed solely to allow him to make new allegations based on newly discovered information and not in any way to disadvantage Defendants." [*Id.* at 2].

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 41(d):

If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1)  may order the plaintiff to pay all or part of the costs of that previous action; and

(2)  may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d); *see also Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1256 n.2 (11th Cir. 2001) ("Rule 41(d) authorizes the district court to require a plaintiff to pay the defendant's costs of the dismissed action upon refiling of the action").

Rule 41(d)'s purpose is to deter plaintiffs from increasing litigant expenses and wasting judicial resources by withdrawing in the middle of litigation and requiring the parties to start from

scratch. *Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007). Generally, the imposition of costs under Rule 41(d) is vested in the sound discretion of the district court. *Monterey at Malibu Bay Condo. Ass'n, Inc. v. Empire Indemnity Ins. Co.*, No. 20-cv-24587, 2021 WL 603032, at *3 (S.D. Fla. Jan. 11, 2021).

While attorney fees are not explicitly mentioned in the rule, "'costs' have generally been interpreted to include attorneys' fees for the purposes of Rule 41(d)." *USA Ent. Grp., Inc. v. City of Pompano Beach*, Case No. 18-CV-62740-Bloom/Valle, 2019 WL 498743, at *2 (S.D. Fla. Feb. 8, 2019); *see also Wolf v. Pacific Nat. Bank, N.A.*, Case No. 09-CV-21531-Torres, 2010 WL 1462298, at *2 (S.D. Fla March 18, 2010) (quoting *Cadle*, 242 F.R.D. at 695) ("[I]t is reasonable to construe [Rule 41(d)] to include recovery of attorneys' fees given the definition of 'costs' in other Rules that make a distinction between costs and 'costs other than attorney's fees.' ").

A party seeking costs under Rule 41(d) must show that: (1) the plaintiff dismissed a prior action; (2) the plaintiff then commenced a second action based upon or including the same claim against the same defendants; and (3) the defendant incurred costs in the prior action that will not be useful in the newly filed litigation. *Monterey*, 2021 WL 603032, at *3.

Importantly, a finding of bad faith is not required to award attorney's fees. *NF Import & Export, Inc. v. VIA Mat Int'l AG*, Case No. 11-CV-23371-Seitz/Simonton, 2012 WL 13013236, at *2 (S.D. Fla. Sept. 25, 2012). However, "the Court may consider bad faith and vexatious conduct in exercising its discretion." *See id.* (the essential question is whether the circumstances of the case warrant an award to prevent prejudice to the defendant).

## **DISCUSSION**

Defendants seek an award of their attorneys' fees and costs incurred in the defense of the voluntarily dismissed case of *Brigati I*. Defendants assert that Plaintiff's conduct here has caused

precisely the type of scenario for which Rule 41(d) was designed, and that all requirements imposed by the rule have been met.  Upon review, I agree.

As to the first requirement, the record clearly establishes that Plaintiff was one of a group of fellow Club member Plaintiffs who voluntarily dismissed *Brigati I*.  As to the second requirement, the record also clearly shows that Plaintiff then commenced *Brigati II* based upon and including identical claims against the same two defendants.  These first two requirements are conceded by Plaintiff in his response.  *See* DE 30 at 9 (Plaintiff "readily acknowledges that, to avoid waiting several months to obtain leave to amend, he and his six co-Plaintiffs voluntarily dismissed" *Brigati I* and "did file a new action, which includes many of the same claims and allegations as the prior action").

Plaintiff disputes the third requirement and argues that Defendants' expenditure of costs and fees for work in *Brigati I* will be useful here.  Defendants do not set forth an exact amount of attorney's fees and costs sought; however, Defendants argue that Plaintiffs' conduct in *Brigati I* – including avoiding a ruling on two timely-filed motions to dismiss and delaying discovery sought by Defendants – "have cost hundreds of thousands of dollars to defend and which the court should now order the Plaintiff to pay as a condition of proceeding with this case, under Rule 41(d)." [DE 22 at 5].  While the parties agree that no depositions were taken, Plaintiff does not dispute that the parties had already begun the work of scheduling depositions and exchanging written discovery before *Brigati I* was voluntarily dismissed.  Indeed, Plaintiff's response acknowledges that Defendants had served "comprehensive" discovery on each named Plaintiff in *Brigati I* in December 2020 and that Plaintiffs timely responded [DE 30 at 4].  Further, the record of *Brigati I* makes clear that the parties engaged in multiple rounds of filing initial pleadings as a result of Plaintiffs' filing of several amended complaints over the span of approximately eight months –

from May 29, 2020 when the *Brigati I* Plaintiffs filed their initial class action complaint in state court through January 25, 2021 when the *Brigati I* Plaintiffs filed their authorized second class action complaint in *Brigati I*. The second amended complaint was filed after full briefing on a second motion to dismiss that had been filed by Defendants. Thus, substantial work had been performed in *Brigati I* before it was dismissed.

Plaintiff suggests that virtually all of defense counsel's work in *Brigati I* can be used in this case. I disagree. As Plaintiff concedes, one clear example is Defendants' motion to strike Plaintiffs' second amended complaint filed in the prior case, *see Brigati I*, DE 50, which is neither transferrable nor useful in this case. Moreover, while there "may be instances where defense counsel conducts some work in this case that is duplicative in some way to the work performed" in *Brigati I*, defense counsel "cannot be expected to recall 100% of the information learned while working" on *Brigati I*. *Rodriguez v. Western World Ins. Co.*, Case No. 21-CV-20032-Scola/Goodman, 2021 WL 2666995, at *3 (S.D. Fla. May 11, 2021), *report & recommendation adopted*, 2021 WL 2661287 (S.D. Fla. June 29, 2021).

I am not persuaded by the arguments raised in Plaintiff's sur-reply. Even if newly available discovery in this case might support certain findings regarding prior assertions and arguments surrounding the sale of standalone tennis equity memberships, such fact would not alter the analysis under Rule 41(d). Had Plaintiff not voluntarily dismissed *Brigati I*, the parties would not have had to start from scratch in *Brigati II* and Plaintiff would have likely discovered this same information sooner in the earlier case where the start of the discovery process was well underway. In addition, the fact that Club membership fees might be a source of payments for defense counsel's fees and costs does not necessarily equate to a finding that Plaintiff has already paid Defendants' legal fees as the Club is composed of several members and operates as its own

separate entity. Regardless, I decline to make any express findings in this regard at this premature juncture.

In all, I find that all three Rule 41(d) requirements are met and Defendants are entitled to an award of reasonable attorney's fees and costs for work done in *Brigati I* that will not be useful in the present litigation. *See Monterey*, 2021 WL 603032, at *3. However, I find that the determination of these fees would be premature at this juncture in the proceedings. *See USA Ent. Grp., Inc.*, 2019 WL 498743, at *2 (the Court "will be in the best position to determine an award regarding the Defendants' attorneys' fees [under Rule 41(d)] upon the resolution of the instant matter"). Upon the conclusion of this action, Defendants should be permitted to file an appropriate motion to determine the amount of reasonable attorney's fees and cost for work conducted in *Brigati I* that was not useful in the present litigation.[1] Having determined the issue of entitlement to fees and to avoid any further undue delay, I also find that Defendants' request for a stay of this action pending payment of attorney's fees under Rule 41(d) should be denied. *See id.* (denying request to stay case pending determination of Rule 41(d) fees and costs).

## **CONCLUSION**

In sum, pursuant to Rule 41(d), I find that Defendants are entitled to an award of reasonable attorney's fees and costs associated with their work performed in the earlier and virtually identical

---

[1] Any such motion filed by Defendants should strictly comply with the requirements of S.D. Fla. L.R. 7.3 – including the requirement of a good faith effort to resolve by agreement the amount of fees and costs sought. Defendants should also take care to include only those fees for legal work that could fairly be considered non-recyclable in this case. *See Shaker Village Condo. Ass'n, Inc.*, 2009 WL 2835185, at *3 (S.D. Fla. Sept. 1, 2009) (noting as "well settled that an award of fees for purposes of Rule 41" should not include fees for work that "prove[s] necessary for the ultimate resolution of the second-filed action" and finding that the majority of fees in attorney billing statements were "for legal work that is clearly 'recyclable' and is, therefore, not compensable" under Rule 41(d)).

voluntarily dismissed action of *Brigati I* that is not useful in *Brigati II*. I further find that Defendants should be permitted file an appropriate motion to determine the amount of reasonable attorney's fees and cost for work conducted in *Brigati I* that was not useful in the present litigation after the instant action is resolved and that Defendants' request for a stay should be denied. Thus, I respectfully recommend that Defendants' Rule 41(d) Motion for Costs and Attorneys' Fees [DE 22] be **GRANTED IN PART AND DENIED IN PART** consistent with this Report.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 18th day of October, 2021.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE