UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**CASE NO. 21-14098-CIV-CANNON/Maynard**

**STEVEN C. BRIGATI**, on behalf of himself
and all others similarly situated,

       Plaintiff,

v.                                       **CLASS REPRESENTATION**

**WORCESTER POLYTECHNIC
INSTITUTE**, a Massachusetts nonprofit
corporation, and **HFM, Inc.**, a Florida for
profit corporation,

       Defendants.

_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND SUPPORTING MEMORANDUM OF LAW**

Elaine Johnson James
**ELAINE JOHNSON JAMES, P.A.**
P.O. Box 31512
Palm Beach Gardens, Florida 33420
Tel. No.: 561.245.1144
Fax No.: 561.244.9580
Florida Bar No.: 791709
ejames@elainejohnsonjames.com
ejjames50@icloud.com

*Attorney for Plaintiff*

**<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................. 2

    I.   Procedural History ................................................................................. 2

    II.  The Proposed Settlement ....................................................................... 3

    III. Preliminary Approval of Settlement ................................................... 4

    IV. Notices to the Settlement Class and Their Reactions to the Proposed Settlement ........ 5

LEGAL STANDARD ....................................................................................................... 6

ARGUMENT ................................................................................................................... 7

    I.   The Class Notice Was Effective and the Best Practicable Means of Notification Under the Circumstances ........... 7

    II.  The Settlement Agreement Is Fair, Reasonable, and Adequate .................................... 9

    III. The Pre-Requisites of Rule 23(a) and (b)(2) Continue to be Satisfied .......................... 14
        A.  The Settlement Class Satisfies Rule 23(a)'s Requirements ................................... 14
        B.  The Settlement Class Satisfies Rule 23(b)(2) ..................................................... 16

CONCLUSION ................................................................................................................ 16

LOCAL RULE 7.1(a)(3) CERTIFICATION ..................................................................... 16

CERTIFICATE OF SERVICE ........................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allapattah Servs. v. Exxon Corp.*,
   2006 U.S. Dist. LEXIS 88829 (S.D. Fla. April 7, 2006) ...................................................13

*Appleyard v. Wallace*,
   754 F.2d 955 (11th Cir. 1985) .........................................................................................15

*Ass'n For Disabled Americans, Inc. v. Amoco Oil Co.*,
   211 F.R.D. 457 (S.D. Fla. 2002).......................................................................................10

*Behrens v. Wometco Enterprises, Inc.*,
   118 F.R.D. 534 (S.D. Fla. 1988), *aff'd,* 899 F.2d 21 (11th Cir. 1990).........................10, 11

*Bennett v. Behring Corp.*,
   737 F.2d 982 (11th Cir. 1984) ...........................................................................................9

*Brown v. SCI Funeral Services of Florida, Inc.*,
   212 F.R.D. 602 (S.D. Fla. 2003) ......................................................................................14

*Cotton v. Hinton*,
559 F.2d 1326 (5th Cir. 1977) .............................................................................................11

*Cox v. Amer. Cast Iron Pipe Co.*,
   784 F.2d 1546 (11th Cir. 1986)........................................................................................14

*Fruitstone v. Spartan Race, Inc.*,
   2021 U.S. Dist. LEXIS 95860, 2021 WL 2012362 (S.D. Fla. May 20, 2021)...................9

*Griffin v. Carlin*,
   755 F.2d 1516 (11th Cir. 1985).........................................................................................15

*Hall v. Bank of Am., N.A.*,
   2014 U.S. Dist. LEXIS 177155, 2014 WL 7184039 (S.D. Fla. Dec. 17, 2014)................12

*Holmes v. Continental Can Co.*,
   706 F.2d 1144 (11th Cir. 1983).........................................................................................16

*In re Checking Account Overdraft Litig.*,
   275 F.R.D. 654 (S.D. Fla. 2011) ......................................................................................10

*In re Hi-Crush Partners L.P. Sec. Litig.*,
   No. 12-CIV-8557 CM, 2014 WL 7323417 (S.D.N.Y. Dec. 19, 2014)..............................11

*In re Sunbeam Sec. Litig.*,
    176 F. Supp. 2d 1323 (S.D. Fla. 2001) ....................................................12, 13

*In re Terazosin Hydrochloride Antitrust Litig.*,
    220 F.R.D. 672 (S.D. Fla. 2004) ...................................................................14

*Klay v. Humana, Inc.*,
    382 F.3d 1241 (11th Cir. 2004)......................................................................15

*Leverso v. S. Trust Bank of Ala., N.A.*,
    18 F.3d 1527 (11th Cir. 1994)..........................................................................9

*Mills v. Foremost Ins. Co.*,
    511 F.3d 1300 (11th Cir. 2008) ..................................................................7, 14

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950)...........................................................................................7

*Nelson v. Mead Johnson & Johnson Co.*,
    484 F. App'x 429 (11th Cir. 2012) ..................................................................9

*Perez v. Asurion Corp.*,
    501 F. Supp. 2d 1360 (S.D. Fla. 2007) ...........................................................7

*Phillips v. Joint Legis. Comm.*,
    637 F.2d 1014 (5th Cir. 1981)........................................................................14

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)...........................................................................................7

*Thorpe v. Walter Inv. Mgmt. Corp.*,
    No. 1:14-CV-20880-UU, 2016 WL 10518902 (S.D. Fla. Oct. 17, 2016)...........................11

**Other Authorities**

28 U.S.C. § 1332 ....................................................................................................2

28 U.S.C. § 1453 ....................................................................................................2

28 U.S.C. §§ 1711-1715 ........................................................................................2

Fed. R. Civ. P. 23 .........................................................................................*passim*

Manual for Complex Litigation, Third, § 30.42 (West 1995) ......................................10

**INTRODUCTION**

Plaintiff, Steven Brigati ("Plaintiff" or "Mr. Brigati"), alleges that Defendants Worcestershire Polytechnic Institute ("WPI") and HFM, Inc. ("HFM," and with WPI, "Defendants") violated the Plan for the Offering of Memberships in the Legacy Golf and Tennis Club, Inc. dated September 1, 1996 (the "Plan") by failing to transfer the management, ownership and control of the Legacy Golf and Tennis Club, Inc. (the "Club" or "Legacy Club") to the owners of equity memberships in the Club in accord with the "Turnover" provisions in the Plan.  After years of intense, arms-length negotiations before and after this lawsuit was filed, substantial motions practice and robust discovery, the Plaintiff and Defendants (collectively, the "Parties") reached an agreement to resolve all the claims brought in this litigation.

Subject to the approval of the Court, the parties' Settlement Agreement provides for the Defendants to transfer ownership, management, and control of the Club to the Settlement Class[1] for two million dollars ($2,000,000) (the "Settlement Amount")[2], which all Parties acknowledge is reasonable in light of the Club's value.[3]  The Settlement would afford the Settlement Class with all the relief Plaintiff sought in this action, *i.e.*, the right for Plaintiff and all other active equity members of the Club jointly to purchase the Club from Defendants for a reasonable price, as the Plan contemplates.

---

[1] The Settlement Class is comprised of all active equity members of the Legacy Club [D.E. 118-1, ¶1.19].

[2] *See* D.E. 118-1, ¶1.18.

[3] The most recent appraised value of the Legacy Club is six million two hundred thousand dollars ($6,200,000).  [D.E.118-1, ¶ 2.17].

1

Under the factors that courts in the Eleventh Circuit must consider, the proposed Settlement is fair, reasonable, and adequate. Importantly, the Settlement Class overwhelmingly supports approval of the Settlement Agreement. After all 219 members of the Settlement Class were notified of and asked to approve or reject the Settlement, 188 of the 189 members who responded voted in favor of the Settlement. No one has either filed an objection to the Settlement or opted out of this class action. The Settlement Class has been given the best available notice, and indeed has received more notice and opportunity to be heard than the Court ordered. The Parties have fulfilled all their obligations under the Court's Preliminary Approval Order. [D.E. 120]. Moreover, the Settlement Class continues to meet the requirements for certification under Federal Rule of Civil Procedure 23(a) and (b)(2).

Defendants do not oppose final approval of the Settlement agreement. Accordingly, Mr. Brigati respectfully requests that the Court approve the Settlement Agreement and enter the Plaintiff's proposed, unopposed Order. *See* Exhibit A.

## BACKGROUND

I.    **Procedural History**

After two years of investigation and informal negotiation with Defendants, Plaintiff and six other owners of equity memberships in the Legacy Club filed a class action lawsuit in the St. Lucie County, Florida circuit court, seeking ownership and control of the Legacy Club on behalf of its equity members in accord with the Plan. Defendants removed the case to this Court, asserting the Class Action Fairness Act, 28 U.S.C. sections 1332(d), 1453, and 1711–1715 ("CAFA"), as the basis for subject matter jurisdiction. Upon removal, the case was captioned *Brigati v. HFM, Inc., et al.*, and bore case number 2:20-cv-14208-Martinez ("*Brigati I*"). After Defendants had filed multiple motions to dismiss, discovery was underway, and Plaintiffs had filed a motion to

certify their proposed class, Plaintiffs discovered previously unknown information pertinent to their quest for ownership.  Because the new information was essential and had not been pled, the Plaintiffs in *Brigati I* decided to voluntarily dismiss their action and commence a new case in which all claims could be made and all pertinent facts could be asserted.

Plaintiff promptly filed the present action in February 2021, asserting claims for declaratory, injunctive and supplemental relief, and equitable accounting.  [D.E. 1].  Plaintiff filed a motion for class certification shortly thereafter, on March 11, 2021.  [D.E. 7].  On April 12, 2021, Defendants filed a Motion to Dismiss Plaintiff's Complaint.  [D.E. 24].  Discovery commenced. Plaintiff deposed a corporate representative of each Defendant and the Club's manager and served two sets of comprehensive requests for production and requests for admissions on each Defendant, while Defendants deposed Plaintiff and three non-party, equity members of Club, who were named plaintiffs in *Brigati I*.  The Parties devoted several hundreds of hours to discovery and produced thousands of pages of documents in *Brigati I* and this case.

In late July 2021, the Parties participated in court-ordered mediation with retired Judge Richard Suarez, to no avail.  However, the Parties' agents continued informal settlement discussions. Then, on November 2, 2021, Magistrate Judge Maynard issued a Report and Recommendation that Defendants' Motion to Dismiss be granted in part and denied in part.  [D.E. 109].  While the Magistrate Judge's Report was under consideration by this Court, the Parties reached an accord, which they memorialized on January 4, 2022.

## II.        The Proposed Settlement.

The proposed Settlement Agreement contemplates that, in exchange for the Settlement Amount, which Plaintiff will advance to Defendants on behalf of the Settlement Class, Defendants will transfer to the Class Members' joint ownership, management, and control of the Legacy Club

and all of its assets.  [D.E.118-1, ¶¶ 1.18 & 2.17].  Mr. Brigati will place the $2 million purchase price for the Legacy Club in Ms. James' attorney trust account before the Final Approval Hearing. *See* Exhibit B, Affidavit of Steven C. Brigati, ¶ 16.

Over time, the Settlement Amount will be repaid from the Legacy Club's revenues.  ¶ 18. Thus, the purchase of the Legacy Club will be financed, and the proposed class members will not incur out-of-pocket expense for the acquisition, just as the Plan envisions. *See*, *e.g.*, D.E. 5-1, at 17, ¶ 3.  In short, if the Court approves the Settlement, the Settlement Class will own and control the Legacy Club as the Plan contemplates they eventually would.

**III.      Preliminary Approval of Settlement.**

Plaintiff filed a motion seeking preliminary approval of the Settlement on January 11, 2022 [D.E. 118], and, on January 18, 2022, the Court granted preliminary approval.  *See* D.E. 120.  In its Order, the Court preliminarily certified the Settlement Class defined as:

> Every entity and individual who, according to Defendants' records, owns an Active Equity Membership in the Legacy Golf and Tennis Club, Inc. (the "Legacy Club"), which is as an equity voting membership in the Legacy Club from which the owner has not resigned and which the owner has not redeemed or transferred pursuant to Article X, section 13 of the By-Laws of the Legacy Club.

D.E. 120, ¶ 3.  The Court further preliminarily deemed the Settlement Agreement to be "in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members[.]" *Id.*, ¶ 6.  The Court therefore approved "[t]he form, content, and procedures of notice to the putative Settlement Class Members as set forth in the Settlement Agreement," found that "the plan for emailing the notice directly to Class Members is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23" and "approved, adopted and authorized [the Class Notice] for dissemination."  *Id.* ¶¶ 7-8.

**IV.       Notices to the Settlement Class and Their Reactions to the Proposed Settlement.**

On February 4, 2022, CPT Group, the Class Action Administrator retained by Plaintiff, transmitted the Class Notice by email to 218 members of the Settlement Class, whom Defendants identified from the Legacy Club's records.  [D.E. 123]; *see also* Exhibit C, Affidavit of Ailyn I. Roque, ¶5.  CPT Group then sent the Notice by U.S. Mail to the five persons whose emails were returned, marked "Undeliverable" and one person for whom there was no email address.  *Id.,* ¶ 5. Additionally, Ailyn Roque, a paralegal in the office of Class Counsel, sent a separate email to all Settlement Class members, notifying them of the Settlement and how to access the Class Notice and additional information about the Settlement on the website which the CPT Group created for this action.  Exhibit C, ¶ 6.  The Settlement Agreement, preliminary approval Order and Class Notice were posted on the website.[4]

To personally ensure that all Class Members were apprised of the Settlement and could voice their opinions concerning it, on February 7, 2022, Plaintiff convened a special meeting of all active equity Club members, *i.e.*, the Settlement Class, to discuss and vote on the Settlement.  Exhibit B, ¶9.  One hundred fifty (150) members attended the Special Meeting,[5] and ninety four (94) members gave Plaintiff their votes in writing by proxy prior to the meeting.  Ex. B, ¶ 10.  At the meeting, Plaintiff and Class Counsel, Elaine Johnson James made presentations about the lawsuit and the Settlement and answered members' questions.  *Id.*, ¶ 11.  Each member was given a ballot to vote for or against approving the Settlement.  *Id.*  All ballots were collected; Ms. Roque compared the ballots

---

[4]  The website that CPT Group created for this class action is available at
 https://www.cptgroupcaseinfo.com/LegacyClubClassActionSettlement/

[5] *See* Ex. C ¶ 8.

and proxies to Defendants' list of active equity members and counted one vote from each member. Ex. C, ¶¶ 9-12.

189 of the 219 members in the Settlement Class voted; 188 approved of the Settlement. *Id.,* ¶ 13.  The April 8, 2022 deadline for opting out and objecting has passed,[6] and a notice of objection or opt out has not been filed.

On January 20, 2022, as required by CAFA, Defendants served notice of the proposed Settlement upon the Attorney General of the United States and the Attorney General of each state in which a member of the Settlement Class resides.  *See* Declaration of Christopher J. C. Herbert, Exhibit D, ¶ 3.  To date, none of the government officials have inquired about the Settlement. *Id.,* ¶ 7.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court may approve a proposed class action settlement after convening a hearing and finding that it is fair, reasonable, and adequate after considering whether:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
   i. the costs, risks, and delay of trial and appeal;
   ii. the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
   iii. the terms of any proposed award of attorney's fees, including timing of payment; and
   iv. any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

---

[6] *See* D.E. 122.

Fed. R. Civ. P. 23(e)(2).  Before the Court can exercise jurisdiction over the claims of absent class members, they must receive notice and an opportunity to be heard and participate in the litigation whether in person or through counsel.  Fed. R. Civ. P. 23(c)(2)(B); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1378 (S.D. Fla. 2007).  In addition, to be eligible for certification, a proposed class must satisfy the prerequisites of "numerosity, commonality, typicality, and adequacy of representation," and at least one of the alternative requirements of Rule 23(b).  Fed. R. Civ. P. 23; *see Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307-08 (11th Cir. 2008).

## ARGUMENT

Because the Plaintiff provided the Class Members with the best practicable notice and the Settlement is fair, adequate, and reasonable, the Court should grant Plaintiff's Motion for Final Approval.  The Court should certify the Settlement Class because it meets the requirements of Rules 23(a) and (b)(2).

**I.      The Class Notice Was Effective and the Best Practicable Means of Notification Under the Circumstances.**

The notice and opportunity to be heard afforded to absent class members under Rule 23(c)(2)(B) is an important aspect of class settlements.  For this reason, the notice must be the "best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985)(quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)).  Here, Plaintiff and Class Counsel took more than adequate steps to ensure that all interested parties were apprised of the pendency of the action and their rights.  Through Class Counsel, Mr. Brigati retained the CPT Group as the Class Administrator to notify the Settlement Class about the settlement, their rights, and the Final Approval Hearing.  Ex. B, ¶ 8.  Ms.

Roque then sent Defendants' list of 219 equity members to CPT Group. Ex. C, ¶ 4. In accordance with this Court's Preliminary Approval Order (D.E. 120), CPT Group sent the Court-approved Class Notice to all members of the Settlement Class by email or by U.S. mail. D.E. 123; Ex. C, ¶ 5. Such direct notice is more than sufficient. *See* Fed. R. Civ. P. 23(c)(2) ("best notice practicable under the circumstances" incudes "individual notice to all members who can be identified through reasonable effort" by "United States mail" or "electronic means").

Moreover, Plaintiff and Class Counsel took two additional actions to ensure all members of the Settlement Class were provided adequate notice of, and fully understood, the terms of the Settlement. First, Ms. Roque emailed each member of the Settlement Class, notifying them of the Settlement and how to access the Class Notice and other information on the website which CPT Group created for the Settlement. Ex. C, ¶ 6. The Settlement Agreement, Preliminary Approval Order, and Class Notice were posted on the website. *See id.* Second, Mr. Brigati convened a meeting for all members of the Settlement Class on February 7, 2022, which 150 members attended and for which 94 members gave him their votes in writing by proxy prior to the meeting. *Id.,* ¶¶ 8 & 10. At that meeting, Mr. Brigati and Class Counsel made presentations about the lawsuit and the proposed Settlement, and members of the Settlement Class were given the opportunity to ask questions. Ex. , ¶ 11. After the members' questions were answered, the members voted on whether to approve the settlement. *Id.* Ms. Roque and Ms. James collected the ballots; Ms. Roque compared the names on the ballots to those on the membership list, and counted the votes cast by members of the Settlement Class. Ex. C, ¶¶ 10-13. 86% of the Settlement Class voted, which demonstrates the effectiveness of Plaintiff's notice procedures. *Id.,* ¶ 18.

**II.      The Settlement Agreement Is Fair, Reasonable, and Adequate.**

The Settlement Agreement also satisfies the requirements of Rule 23 (e)(2).  Although Rule

23(e)(2) does not provide a "standard," "[b]efore approving a settlement, the district court must

find that it 'is fair, adequate and reasonable and is not the product of collusion between the

parties.'"  *Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 434 (11th Cir.

2012)(*quoting Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)).  In the Eleventh

Circuit, six factors inform that decision:

> (1) the existence of fraud or collusion among the parties in reaching the settlement;
> (2) the complexity, expense, and duration of the litigation; (3) the stage of
> proceedings at which the settlement was achieved and the amount of discovery
> completed; (4) the probability of the plaintiffs' success on the merits; (5) the range
> of possible recovery; and (6) the opinions of class counsel, the class representatives,
> and the substance and amount of opposition to the settlement.

*Fruitstone v. Spartan Race, Inc.*, 2021 U.S. Dist. LEXIS 95860, *19-20, 2021 WL 2012362 (S.D.

Fla. May 20, 2021)(citing *Leverso v. S. Trust Bank of Ala., N.A.*, 18 F.3d 1527, 1530 n.6 (11th Cir.

1994)).[7]  The Court's "judgment is [also] informed by the strong judicial policy favoring

settlement as well as by the realization that compromise is the essence of settlement." *Nelson*, 484

F. App'x at 434.  "In considering the settlement, the district court may rely upon the judgment of

---

[7] In *Bennett*, the Court described the required findings and relevant inquiries similarly:

> the court made findings of fact that there was no fraud or collusion
> in arriving at the settlement and that the settlement was fair,
> adequate and reasonable, considering (1) the likelihood of success
> at trial; (2) the range of possible recovery; (3) the point on or below
> the range of possible recovery at which a settlement is fair, adequate
> and reasonable; (4) the complexity, expense and duration of
> litigation; (5) the substance and amount of opposition to the
> settlement; and (6) the stage of proceedings at which the settlement
> was achieved.

*Bennett,* 737 F.2d at 986.

experienced counsel for the parties," and, "[a]bsent fraud, collusion, or the like, the district court 'should be hesitant to substitute its own judgment for that of counsel.'" *Id.*

The Parties' Settlement Agreement satisfy all six factors this Court must consider.  It is demonstrably fair, reasonable, and adequate.

*First*, there was no fraud or collusion among the Parties in reaching the settlement.  "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery." Manual for Complex Litigation, Third, §30.42 (West 1995).  The Settlement Agreement resulted from years of serious, informed, arm's-length, and non-collusive negotiations by the Parties and competent and experienced counsel.  Before renewing the pre-litigation settlement negotiations, the Parties undertook extensive discovery, briefed several motions, and formally mediated.  These activities provided context for the Parties' assessments of the strengths and weaknesses of their respective positions.  With the assistance of experienced counsel, each party then fully and carefully evaluated those positions, considered the risks and expenses inherent in prolonging litigation and agreed that settling this dispute on reasonable terms was a substantially preferable outcome.  Where, as here, settlement negotiations were arm's length and informed, and aided by experienced counsel, as the Court already preliminarily determined, this Court should find that the Settlement is not the product of collusion.  *See, e.g.*, *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 661-62 (S.D. Fla. 2011); *Ass'n For Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 470 (S.D. Fla. 2002)*.*

*Second*, the complexity, expense, and duration of the litigation militate in favor of final approval.  A settlement compromise is preferred principally because it often is a "speedy and efficient resolution of long, complex, and expensive litigation." *Behrens v. Wometco Enterprises,*

*Inc.*, 118 F.R.D. 534, 543 (S.D. Fla. 1988), *aff'd,* 899 F.2d 21 (11th Cir. 1990). Moreover, "settlements contribute greatly to the efficient utilization of our scarce judicial resources." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). Further, "class actions. . . are 'notably difficult and notoriously uncertain.'" *Thorpe v. Walter Inv. Mgmt. Corp.*, No. 1:14-CV-20880-UU, 2016 WL 10518902, at *3 (S.D. Fla. Oct. 17, 2016)(quoting *In re Hi-Crush Partners L.P. Sec. Litig.,* No. 12-CIV-8557 CM, 2014 WL 7323417, at *3 (S.D.N.Y. Dec. 19, 2014)).

Plaintiff's claims have been pending for nearly two years, with each party incurring significant expenses. Furthermore, if approved, the Settlement would give Plaintiff and the Settlement Class joint ownership of the Legacy Club *now*, without additional unnecessary litigation expense. After considering the costs, risks, and delay of continuing this litigation through class certification, trial and possibly appeal, Class Counsel has opined that settling on the proposed terms is the most desirable course.[8] This factor therefore heavily supports approval of the Settlement.

*Third*, the stage of the proceedings and the amount of discovery the parties had completed when the Settlement was reached weigh in favor of finding the Settlement to be fair, reasonable, and adequate. Courts consider the stage of the proceedings at the time of settlement to ensure that plaintiffs have access to sufficient information to evaluate the merits of the case and weigh the benefits of the settlement against further litigation. *See Behrens*, 118 F.R.D. at 544; *see also Thorpe,* 2016 WL 10518902, at *4 ("The purpose of considering this factor is to ensure that plaintiffs had sufficient information to evaluate the case and to determine the adequacy of the

---

[8] *Greco v. Ginn Dev. Co., LLC*, 635 F. App'x 628, 632 (11th Cir. 2015)("[A] district court may . . . rely upon the judgment of experienced counsel for the parties").

settlement."). Here, before a lawsuit was filed, the Parties actively negotiated proposed settlement terms and exchanged information, and Plaintiff's counsel conducted diligent investigation. The Parties engaged in discovery and extensive motions practice in *Brigati I*, then took substantial additional discovery in this Court; in fact, the discovery period closed before a proposed agreement was reached. Additionally, during the formal mediation process, each party became aware of the other's perspective about the facts and law involved in the case. Moreover, Magistrate Judge Maynard's Report and Recommendation thoroughly discussed Plaintiff's Complaint, as well as its strengths and weaknesses. [D.E. 109]. Thus, there can be no doubt that the Parties were "well aware of the other side's position and the merits thereof" when entering the Settlement, which "weighs in favor of the Court finding the proposed settlement to be fair, adequate, and reasonable." *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1332 (S.D. Fla. 2001).

*Fourth*, Plaintiff's probability of success on the merits and the potential ranges of recovery both weigh in favor of final approval. Although Plaintiff maintains that his allegations are strong, the outcome of any lawsuit is unpredictable. Plaintiff is aware that, if he litigated these claims through trial, the Settlement Class members could "come away with nothing." *Hall v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 177155, *17-18, 2014 WL 7184039 (S.D. Fla. Dec. 17, 2014). However, by reaching a Settlement, the possibility of failed litigation is removed. If approved, the Settlement will afford laintiff and the Settlement Class exactly what they desire: joint ownership of the Legacy Club for a reasonable price. Thus, consideration of the fifth relevant factor—the range of recovery—also counsels in favor of settlement. Under Plaintiff's theory, either all members of the Settlement Class are entitled to jointly own the Club, or none of them is. Given the all-or-nothing nature of Plaintiff's claims, and the overwhelming support for settling that the

Club's members have shown, the proposed Settlement falls "well within the range of what is fair, adequate, and reasonable." *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d at 1332.

   *Sixth*, the opinions of Class Counsel and the Class Representative, the Class's overwhelming support for the Settlement and the lack of objection to it weigh in favor of final approval. Class Counsel has practiced law for almost forty years and has robust experience in class action litigation. She believes the Settlement Agreement is not only fair, but also beneficial to Plaintiff and the Class Members, as it allows them to achieve the precise result they sought in this litigation – joint ownership of the Club for a reasonable purchase price without further delay. The Class Representative's full support of settlement is evidenced by his execution of the Settlement Agreement and convening a special meeting of the Settlement Class members, so they could indicate whether they supported or opposed the Settlement.

   This leaves only the third factor: the substance and amount of opposition to the settlement. There is none. No one has filed an objection to the Settlement Agreement or opted out. Indeed, only one of the 219 members of the Settlement Class voted against approving the Settlement at the members' meeting; and despite having notice of his ability and right to do so, he did not file a formal objection. Clearly, the Settlement Class overwhelmingly supports the Settlement. And this "[l]ack of objection [is] a significant factor in determining whether the proposed Class Settlement is reasonable to the Class as a whole." *Allapattah Servs. v. Exxon Corp.*, 2006 U.S. Dist. LEXIS 88829, *42 (S.D. Fla. April 7, 2006). The Class's expressed support and the lack of objection weigh in favor of the Court finally approving the Settlement Agreement as fair, adequate, and reasonable.

**III.      The Pre-Requisites of Rule 23(a) and (b)(2) Continue to be Satisfied.**

As set forth in Plaintiff's motion for preliminary approval [D.E. 118], the Settlement Class satisfies the prerequisites for class certification: "numerosity, commonality, typicality, and adequacy of representation," and at least one of the alternative requirements of Rule 23(b).  Fed. R. Civ. P. 23; *see Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307-08 (11th Cir. 2008).  This Court preliminarily has found that, for settlement purposes, these requirements are satisfied.  *See* D.E. 120, ¶ 5.  In the interim, nothing to alter that finding has occurred.  To the contrary, 86% of the Settlement Class members have indicated their support for the Settlement.  Accordingly, the Court should find that the factors in Rule 23(a) and (b)(2) are satisfied and should certify the Settlement Class.

**A.      The Settlement Class satisfies Rule 23(a)'s requirements.**

*First*, the Settlement Class satisfies Rule 23(a)(1)'s numerosity requirement that the class be "so numerous that joinder of all members is impracticable."  While no magic number of class members is necessary to meet the numerosity standard, forty members generally is sufficient to satisfy the rule.  *Cox v. Amer. Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir. 1986).  At 219 members, the Settlement Class eclipses this mark, making individual joinder of each member impracticable.  *See, e.g.*, *Phillips v. Joint Legis. Comm.*, 637 F.2d 1014, 1022 (5th Cir. 1981).

*Second*, Rule 23(a)(2) requires "questions of law or fact common to the class."  This is a low hurdle, requiring only "one issue common to all class members."  *Brown v. SCI Funeral Services of Florida, Inc*., 212 F.R.D. 602, 604 (S.D. Fla. 2003).  Commonality is satisfied here because the Defendants have "engaged in a standardized course of conduct"—owning and operating the Legacy Club—that uniformly "affects all class members."  *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 685-86 (S.D. Fla. 2004).  Moreover, this lawsuit

primarily hinges on the contractual interpretation of the Plan, which impacts each member of the Settlement Class equally.  Indeed, the Eleventh Circuit has noted that contractual claims "appear to present the classic case for treatment as a class action."  *Klay v. Humana, Inc.*, 382 F.3d 1241, 1264 (11th Cir. 2004).  Commonality is therefore satisfied.

*Third*, as to typicality, Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class," and focuses on whether the class representative's interests are sufficiently aligned with those of the proposed class members[9] and share "the same essential characteristics as the claims of the class at large." *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985)(citations omitted).  As an active equity member of the Legacy Club, which is governed by the Plan, Plaintiff's claims are the same as, and are controlled by the same contract as, those of the Settlement Class who, like Plaintiff, are active equity members of the Club.  Plaintiff's interests are identical to, and therefore sufficiently aligned with, the interests of the Settlement Class, who overwhelming voted in favor of approving the Settlement Agreement.  Accordingly, the Settlement Class satisfies the typicality requirement of Rule 23(a)(3).

*Fourth*, the Settlement Class satisfies the adequacy standard of Rule 23(a)(4), which requires that the "representative parties . . . fairly and adequately protect the interests of the class" and inquires "whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation, and . . . whether Plaintiffs have interests antagonistic to those of the rest of the class." *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985).  As already explained, Plaintiff does not have any interest antagonistic to or in conflict with the interests of the Settlement Class,

---

[9] *General Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982).

which voted in favor of settlement almost unanimously.   Further, Plaintiff is represented by qualified and competent class counsel with extensive litigation experience, as well as expertise in class actions.

      **B.**      **The Settlement Class Satisfies Rule 23(b)(2).**

      To obtain class certification under Rule 23(b)(2), Plaintiff must demonstrate that the contemplated claims "are *class* claims … resting on the same grounds and applying more or less equally to all members of the class." *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1155 (11th Cir. 1983) (emphasis in original).   Plaintiff and the proposed class members are "bound together through 'pre-existing or continuing legal relationships,'"[10] possessing the same rights, all of which stem from the Plan.   *See* D.E. 1, at 16-17.   Where, as here, Defendants' conduct and the injuries alleged to stem from it equally affect the entire class, the Plaintiff's claims fall squarely within the ambit of Rule 23(b)(2).

**CONCLUSION**

      For the foregoing reasons, Plaintiff respectfully requests that that Court grant his Motion, and enter the proposed Final Approval Order attached hereto as Exhibit A.

**CERTIFICATION**

      **I CERTIFY** that, in compliance with Local Rule 7.1(a)(3), I conferred by telephone with Defendants' lead counsel Jennifer Chunias, who authorized me to represent to the Court that Defendants do not oppose the relief sought in this Motion.

---

[10] *Holmes,* 706 F.2d at 1155 n.8.

Respectfully submitted,

ELAINE JOHNSON JAMES, P.A.
P.O. Box 31512
Palm Beach Gardens, Florida 33420
Tel. No.:  (561) 245-1144
Fax No.:  (561) 244-9580

By: /s/ Elaine Johnson James
    Florida Bar No.:  791709
    ejames@elainejohnsonjames.com
    ejjames50@icloud.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 18, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which caused it to be served on:

Noel R. Boeke
noel.boeke@hklaw.com
Holland & Knight LLP
100 North Tampa Street, Suite 4100
Tampa, FL 33602

Jennifer L. Chunias (*pro hac vice*)
jchunias@goodwinlaw.com
Christopher Herbert (*pro hac vice*)
cherbert@goodwinlaw.com
Courtney L. Hayden (*pro hac vice*)
chayden@goodwinlaw.com
Timothy Bazzle
tbazzle@goodwinlaw.com
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

*/s/ Elaine Johnson James*
Elaine Johnson James

17