UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14098-CIV-CANNON/Maynard

**STEVEN BRIGATI,**
on behalf of himself and all others similarly situated,

    Plaintiff,

v.

**WORCESTER POLYTECHNIC INSTITUTE**,
a Massachusetts nonprofit corporation, and
**HFM, INC.**, a Florida for profit corporation,

    Defendants.
_____/

## AMENDED FINAL ORDER APPROVING CLASS SETTLEMENT

**THIS CAUSE** comes before the Court upon the parties' Joint Motion to Amend Final Order Approving Class Settlement [ECF No. 131]. The Court has reviewed the Joint Motion and is otherwise fully advised. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Joint Motion [ECF No. 131] is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 60(a), the Court's May 17, 2022 Final Order Approving Class Settlement [ECF No. 130] is amended as set forth below.

\*\*\*

**THIS CAUSE** comes before the Court upon Plaintiff's Unopposed Motion for Final Approval of Settlement Agreement ("Plaintiff's Motion") [ECF No. 124], executed on January 4, 2022, by Plaintiff, Steven C. Brigati, and Defendants, Worcester Polytechnic Institute ("WPI") and HFM, Inc. ("HFM") ("Settlement Agreement") [ECF No. 118-1]. The Court held a fairness hearing on Plaintiff's Motion on May 9, 2022 [ECF No. 127]. No objectors appeared at the fairness hearing or filed any objection with the Court or Class Counsel prior to the April 8, 2022

deadline set by the Court [ECF No. 122]. At the hearing, witnesses Steven Brigati, Ailyn Roque, and Christopher Herbert testified in support of Plaintiff's Motion.

Under the terms of the parties' Settlement Agreement [ECF No. 118-1], Defendants will transfer ownership, management, and control of the Legacy Golf & Tennis Club, Inc. (the "Club") to the Settlement Class in exchange for $2,000,000 [ECF No. 118-1 ¶¶ 1.18; 2.17]. The $2,000,000 purchase price will be advanced by Mr. Brigati and a separate 501(c)(7) non-profit corporation that Mr. Brigati formed, known as the Legacy Club, Inc. [ECF No. 124-2 ¶¶ 16–17]. All active equity members of the Club will become members of the Legacy Club [ECF No. 124-2 ¶ 17]. Mr. Brigati and the Legacy Club will be reimbursed from the Club's revenues [ECF No. 124-2 ¶ 18]. No Class Member will be required to pay any money out-of-pocket to complete the acquisition of the Club [ECF No. 124 p. 8].

At the fairness hearing, Mr. Brigati testified that $2,000,000 is a reasonable purchase price for the Club and represents approximately 40–50% of the Club's value. Mr. Brigati testified that the purchase price for the Club will be paid from the future sales of memberships, dues, or guests fees at the Club, and that all Class Members will have joint ownership of the Legacy Club. Further, on February 7, 2022, Mr. Brigati convened a Special Meeting of all active equity Club members to discuss and vote on the proposed Settlement Agreement. 94 members gave Mr. Brigati their votes in writing by proxy prior to the meeting. In total, 189 of the 219 members in the Settlement Class voted (in person or by proxy), and only one class member, Mr. Stephen Krupa, voted against the Settlement Agreement. Mr. Krupa did not subsequently file an objection or opt out of the Settlement Agreement.

Ms. Roque, a paralegal in the office of Elaine Johnson James, the provisional Class Counsel in this matter, testified regarding the steps Class Counsel took to notify the Class Members of the

Settlement Agreement.  Ms. Roque stated that after receiving from Defendants a list of the 219 active equity members in the Club, she forwarded the list to the CPT Group, which is the designated Class Action Administrator in this matter.  On February 4, 2022, the CPT Group sent the Class Notice by email to 218 members, then sent it by U.S. Mail to the five persons whose emails were returned, marked "Undeliverable," and one person for whom there was no email address.  The CPT Group then posted a copy of the Settlement Agreement, the Court's preliminary approval Order [ECF No. 120], the Class Notice and the notice for a Special Meeting of active equity club members, which Mr. Brigati convened, on the Settlement Website.  Ms. Roque testified that she also sent a separate email to all Settlement Class members, notifying them of the Settlement and how to access additional information on the Settlement Website.  Ms. Roque's email also contained a ballot for members to cast before the Special Meeting or to complete in person at the Special Meeting.

Mr. Christopher Herbert, an attorney with the law firm Goodwin Procter LLP, and Counsel for Defendants, testified that on January 20, 2022, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, he served notice of the parties' proposed settlement upon the Attorney General of the United States and the Attorneys General for each state in which members of the Settlement Class reside.  Mr. Herbert testified that, to date, no government official upon which the Notice was served has inquired about the Settlement Agreement.

Upon review and consideration of Plaintiff's Motion, the Settlement Agreement, the testimonies of Mr. Brigati, Ms. Roque, Mr. Herbert, and the full record, it is hereby

**ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion [ECF No. 124] is **GRANTED**.
2. The Settlement Agreement [ECF No. 118-1] hereby is incorporated by reference into this

Order and adopted by the Court.

3. For purposes of Settlement only, the Court finds that the Settlement Class, comprised of every entity and individual who, according to Defendants' records, owns an Active Equity Membership in the Legacy Club, as of the Final Approval Date and who appears on the list of class members, prepared by Defendants, meets the requirements of Fed. R. Civ. P. 23(a) and (b)(2).

4. For purposes of Settlement only, and pursuant to Fed. R. Civ. P. 23, the Court hereby certifies the Settlement Class. If, for any reason, the Settlement does not become effective, this certification shall be null and void and shall not be used or referred to for any purpose in the Action or any other action or proceeding.

5. For purposes of the Settlement only, the Court appoints Plaintiff, Steven C. Brigati, as Class Representative and finds that Mr. Brigati meets the requirements of Fed. R. Civ. P. 23(a).

6. For purposes of the Settlement only, the Court appoints Elaine Johnson James as Counsel to the Class and finds that Ms. James meets the requirements of Fed. R. Civ. P. 23(g).

7. Pursuant to Fed. R. Civ. P. 23, the Court finds that the Settlement Agreement, is fair, reasonable and adequate in light of the factual, legal, practical, and procedural considerations raised by Mr. Brigati's claims.

8. The Court finds that the Class Notice previously approved by the Court and given to Class Members in the Action was the best notice practicable under the circumstances and that it satisfied the requirements of due process and Fed. R. Civ. P. 23. The Court also finds that, because (i) adequate notice has been provided to all Class Members and (ii) all Class Members have been given the opportunity to object to the Settlement, the Court has jurisdiction over all Class Members.

9. The Court specifically finds that (i) the Parties have complied with all requirements of

statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement; (ii) on January 20, 2022, Defendants complied with all notice requirements of 28 U.S.C. § 1715 as to the Settlement; and (iii) more than ninety (90) days elapsed since the Defendants served the notices required by 28 U.S.C. § 1715 upon the appropriate federal and state officials. Accordingly, no Class Member may refuse to comply with or be bound by the Settlement Agreement or this Order.

10. The Court has given due consideration to (i) the likelihood of the Class Representative's success at trial, (ii) the range of possible recovery for the Settlement Class, (iii) the complexity, expense, and duration of the litigation, (iv) the overwhelming support that the Settlement Class members have expressed for the Settlement, (v) the lack of opposition and absence of objection to the Settlement, (vi) the state of the proceedings when the Settlement was achieved, (vii) the nature of the negotiations leading to the Settlement, (viii) the litigation risks to Mr. Brigati, the Settlement Class members, HFM and WPI, and (ix) all written submissions, affidavits, declarations, and arguments of counsel.

11. After notice and a hearing, the Court finds that the terms of the Settlement Agreement, including all exhibits thereto, are fair, reasonable, and adequate, and are in the best interests of the Class. Accordingly, the Settlement Agreement is hereby finally approved and shall govern all issues regarding the Settlement and all rights of Mr. Brigati, the Settlement Class members, WPI and HFM related to it. In accordance with the Settlement Agreement, to effectuate the Settlement, within ten (10) days of the date of this Order:

    a. Mr. Brigati shall cause Defendants to be paid Two Million Dollars ($2,000,000.00);

  b. Defendants shall concurrently transfer clean, marketable title to the Legacy Club and all of its associated inventory, personal property and real property to Plaintiff on behalf of the Settlement Class members; and

  c. Mr. Brigati concurrently shall voluntarily dismiss the Action against Defendants with prejudice.

12. Mr. Brigati, each Settlement Class member, and Class Counsel shall forever be bound by this Order and the Agreement, including the Release and covenants not to sue set forth in paragraphs 4.01 and 4.03 of the Settlement Agreement, as follows:

> 4.01 Upon Final Approval and transfer of ownership of the Legacy Club to Plaintiff on behalf of the Settlement Class, and in consideration of the promises and covenants set forth in this Agreement, Representative Plaintiff and each Class Member, and each of their respective spouses, children, executors, representatives, guardians, heirs, estates, successors, bankruptcy estates, bankruptcy trustees, predecessors, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Plaintiff Releasing Persons"), will be deemed to have completely released and forever discharged Defendants, and each and every one of their past, present, and future predecessors, successors, partners, assigns, subsidiaries, affiliates, divisions, owners, shareholders, officers, directors, vendors, employees, attorneys, insurers, and agents (alleged or actual) (collectively and individually, the "Defendant Released Persons"), from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including, without limitation, (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any of the Defendant Released Persons, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until the Final Approval Date (collectively, the "Plaintiff Released Rights"), that arise out of and/or concern (a) any Plaintiff Released Rights that were asserted, or attempted to be asserted, in the Action; (b) conduct, acts, and/or omissions (alleged or actual) by any of the Defendant Released Persons arising from or relating in any manner to Defendants' ownership and operation of the Legacy Club; (c) any practice, policy, and/or procedure (alleged or actual) of any of the Defendant Released Persons concerning the Legacy Club; (d) conduct, acts and/or omissions (alleged or actual) by any of the Defendant Released Persons relating to the Legacy Club; (e) all claims that were or could have been asserted in the Action arising from or relating in any manner to

any conduct, act and/or omissions (alleged or actual) by any of the Defendant Released Persons relating to the Legacy Club; (f) all claims asserted in the Action; (g) any claim or theory that any act or omission by the Defendants (or any of them) arising from or relating to ownership and operation of the Legacy Club violates any statute, regulation, law and/or contract; and (h) any violation and/or alleged violation of state and/or federal law, whether common law or statutory, arising from or relating to the conduct, acts, and/or omissions described in this paragraph.

4.03   In addition to the provisions of paragraphs 4.01 and 4.02 above, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to the following:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Parties have chosen Florida law to govern this Settlement Agreement—the Defendants and the Plaintiff agree, and each Settlement Class Member will be deemed to agree, that, to the extent they are found to be applicable herein, all such principles of law or similar federal or state laws, rights, rules, or legal principles are hereby knowingly and voluntarily waived, relinquished, and released. The Defendants and the Plaintiff recognize, and each Settlement Class Member will be deemed to recognize, that, even if he, she, it or they may later discover facts in addition to or different from those which now are known or believed to be true, they nevertheless agree that, upon entry of the Final Approval Order, they fully, finally, and forever settle and release any and all claims covered by these Releases. The Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

13. Defendants and Defendants' Counsel shall be forever bound by this Order and the Agreement, including the Release and covenants not to sue set forth in paragraphs 4.02 and 4.03 of the Settlement Agreement, as follows:

4.02   Upon Final Approval and transfer of ownership of the Legacy Club to Plaintiff on behalf of the Settlement Class, and in consideration of the promises and covenants set forth in this Agreement, each Defendant and each and every one of their past, present, and future predecessors, successors, partners, assigns, subsidiaries, affiliates, divisions, owners, shareholders, officers, directors, vendors, employees, attorneys, insurers, and agents (alleged or actual) (collectively and individually, the "Defendant Releasing Persons"), will be deemed to have

completely released and forever discharged Representative Plaintiff and the owners of each Active Equity Membership and each of their respective spouses, children, executors, representatives, guardians, heirs, estates, successors, bankruptcy estates, bankruptcy trustees, predecessors, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Plaintiff Released Persons"), from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including, without limitation, (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any of the Plaintiff Released Persons, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until the Final Approval Date (collectively, the "Defendant Released Rights"), that arise out of and/or concern (a) conduct, acts, and/or omissions (alleged or actual) by any of the Plaintiff Released Persons arising from or relating in any manner to Defendants' ownership and operation of the Legacy Club; (b) any claim or theory that any act or omission by the owners of Active Equity Memberships (or any of them) arising from or relating to Defendants' ownership and operation of the Legacy Club violates any statute, regulation, law and/or contract; (c) any violation and/or alleged violation of state and/or federal law, whether common law or statutory, arising from or relating to the conduct, acts, and/or omissions described in this paragraph (d) any practice, policy, and/or procedure (alleged or actual) of any of the Released Persons concerning the Legacy Club; (e) conduct, acts and/or omissions (alleged or actual) by any of the Plaintiff Released Persons relating to the Legacy Club; and (f) all claims that were or could have been asserted in the Action arising from or relating in any manner to any conduct, act and/or omissions (alleged or actual) by any of the Plaintiff Released Persons relating to the Legacy Club.

4.03   In addition to the provisions of paragraphs 4.01 and 4.02 above, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to the following:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Parties have chosen Florida law to govern this Settlement Agreement—the Defendants and the Plaintiff agree, and each Settlement Class Member will be deemed to agree, that, to the extent they are found to be applicable herein, all such principles of law or similar federal or state laws, rights, rules, or

legal principles are hereby knowingly and voluntarily waived, relinquished, and released. The Defendants and the Plaintiff recognize, and each Settlement Class Member will be deemed to recognize, that, even if he, she, it or they may later discover facts in addition to or different from those which now are known or believed to be true, they nevertheless agree that, upon entry of the Final Approval Order, they fully, finally, and forever settle and release any and all claims covered by these Releases. The Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

14. The Releases set forth in paragraphs 12 and 13 above and in the Settlement Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits and other proceedings maintained by or on behalf of Mr. Brigati, each Settlement Class member, the Plaintiff Releasing Parties or the Defendant Releasing Parties concerning matters and claims that were or could have been asserted in the Action or are encompassed within the scope of the Release.

15. Mr. Brigati, Class Counsel and every Settlement Class member are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against Defendants or any Defendant Released Person any claim that was brought in the Action or that asserts or purports to assert any matter for which a release and covenant not to sue are being given under the Settlement Agreement.

16. Subject to the terms of the Settlement Agreement, by mutual consent, the Parties may amend or modify the terms of the Settlement Agreement and all exhibits to it.

17. Except as provided in this Order, the Settlement Agreement shall govern all matters incident to the administration of the Settlement until further order of this Court or agreement of the Parties.

18. The Clerk of Court shall **CLOSE** this case. All deadlines are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 27th day of May 2022.

_____
AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record